953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Balidoy BALIGAD, Defendant-Appellant.
 No. 90-10286.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1991.
Decided Jan. 16, 1992.
 
 Before GOODWIN, SKOPIL and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court did not abuse its discretion in declining to sever Baligad's trial from that of his codefendant, Genoveva Asuncion, pursuant to Federal Rule of Criminal Procedure 14. Any unfair prejudice to Baligad from Asuncion's trial testimony concerning her subjective fear of the Baligad family was mitigated by the district court's limiting instruction to the jury. Baligad has not demonstrated that the joint trial was so "manifestly prejudicial" as to require the trial judge to order severance. See United States v. Sherlock, 865 F.2d 1069, 1078 (9th Cir.1989).
 
 
 3
 Unlike the situation in Sherlock, where the government thrice flouted the court's limiting instruction in rebuttal, the prosecutor's remarks in Baligad's case regarding the torture and murder of a DEA agent in Mexico, while improper, did not cause Baligad to suffer manifest prejudice by reinforcing Asuncion's testimony. First, the prosecutor did not refer directly to Asuncion's testimony about her fear of Baligad. Second, because Asuncion testified only to her subjective fear and did not provide a factual basis for her beliefs, her testimony did not tend to identify Baligad as a violent or dangerous person. Third, unlike the situation in Sherlock, Baligad had an opportunity to cross-examine Asuncion. For these reasons, we also hold that the district court did not abuse its discretion in denying Baligad's motion for a mistrial. United States v. Toomey, 764 F.2d 678, 681 (9th Cir.1985), cert. denied, 474 U.S. 1069 (1986).
 
 
 4
 With respect to Baligad's claims of prosecutorial misconduct in closing, we agree that the prosecutor did engage in improper vouching. See United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980). His comments praising the "integrity" of the agents and arguing that "we are not going to put on information that is not true" conveyed the message that all the government's evidence was accurate. Moreover, the prosecutor's reference to an NBC miniseries about "a DEA special agent in Mexico who had been kidnaped, tortured, and then killed by Mexican drug traffickers" was inflammatory and improper. The prosecutor went on to invoke the commentary of NBC news anchor Tom Brokaw lauding the efforts of DEA agents who were "out there protecting us."
 
 
 5
 The government's protestation notwithstanding, we do not condone these comments as a justifiable response to defense counsel's attacks on the credibility of the government's witnesses.
 
 
 6
 When considered in the context of the entire trial, however, the improper remarks and vouching did not impair "the jury's ability to judge the evidence fairly" and thus did not rise to the level of reversible error. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). The prosecutor's reference to the miniseries was brief, did not refer directly to Baligad, and was made partially in response to the levity of defense counsel's closing argument.
 
 
 7
 It cannot be said that the prosecutor's vouching more likely than not affected the jury's verdict. Id. The jury had been instructed that the comments of attorneys were not evidence, and the government did not rely heavily on the credibility of the agents' reports in its case against Baligad. Rather, it relied on Baligad's presence at the Honolulu airport when Asuncion left for the Philippines and when she returned, and on the drug paraphernalia, large sums of cash, and notes of drug transactions found in Baligad's possession.
 
 
 8
 The district court did not err in sentencing Baligad. Because Baligad possessed a net amount of methamphetamine in excess of 100 grams, the court properly imposed the 10-year mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(A)(viii). United States v. Alfeche, 942 F.2d 697, 698-99 (9th Cir.1991). Baligad's objection to the district court's denial of a "minor participant" departure under U.S.S.G. § 3B1.2(b) is therefore moot.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3